UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID H. PATTERSON,

                           Plaintiff,

                     v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                           Defendant.
_____

**DECISION
and
ORDER

19-CV-465F
(consent)**

| APPEARANCES: | LAW OFFICES OF KENNETH R. HILLER, PLLC |
|---|---|

                                      Attorneys for Plaintiff
                                      KENNETH R. HILLER, and
                                      CORINNE MARIE MANFREDI, of Counsel
                                      6000 North Bailey Avenue, Suite 1A
                                      Amherst, New York  14226
                                            and
                                      LEWIS L. SCHWARTZ, PLLC
                                      Attorneys for Plaintiff
                                      LEWIS L. SCHWARTZ, of Counsel
                                      1231 Delaware Avenue, Suite 103
                                      Buffalo, New York  14209

                                      JAMES P. KENNEDY, JR.
                                      UNITED STATES ATTORNEY
                                      Attorney for Defendant
                                      Federal Centre
                                      138 Delaware Avenue
                                      Buffalo, New York  14202
                                           and
                                      EMILY MAXINE FISHMAN
                                      Special Assistant United States Attorney, of Counsel
                                      Social Security Administration
                                      Office of General Counsel
                                      26 Federal Plaza, Room 3904
                                      New York, New York  10278

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On April 7, 2020, this matter was assigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 12).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on September 9, 2019 (Dkt. 8), and by Defendant on November 7, 2019 (Dkt. 9).

**BACKGROUND**

Plaintiff David H. Patterson ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed on April 17, 2015 with the Social Security Administration ("SSA"), for Social Security Disability Insurance ("SSDI") under Title II of the Act ("disability benefits").  Plaintiff alleges he became disabled on June 17, 2013, based on depression, anxiety, chronic lower back pain, and sciatica nerve damage.  AR[2] at 189, 192.  Plaintiff's application initially was denied on January 20, 2016, AR at 100-05, and at Plaintiff's timely request, AR at 106-07, on April 3, 2018, a hearing was held in Buffalo, New York via video conference before administrative law judge Michael Carr ("the ALJ"), located in Alexandria, Virginia.  AR at 55-84 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Lewis L. Schwartz, Esq. ("Schwartz"), and vocational expert Lisa Atkinson ("the VE").

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on July 10, 2019 (Dkt. 6).

On June 28, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 35-54 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 165-68.  On February 27, 2019, the Appeals Council denied Plaintiff's request for review, AR at 1-6, rendering the ALJ's Decision the Commissioner's final.  On April 9, 2019, Plaintiff commenced the instant action in this court seeking judicial review of the ALJ's Decision.

On September 9, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 8) ("Plaintiff's Motion"), attaching Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Administrative Record (Dkt. 8-1) ("Plaintiff's Memorandum").  On November 7, 2019, Defendant moved for judgment on the pleadings (Dkt. 9) ("Defendant's Motion"), attaching Commissioner's Brief in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 9-1) ("Defendant's Memorandum").  Filed on December 2, 2019 was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 11) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff David H. Patterson ("Plaintiff" or "Patterson"), born March 24, 1964,

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

3

was 49 years old as of June 17, 2013, his alleged disability onset date ("DOD"), and 54 years old as of June 28, 2018, the date of the ALJ's Decision. AR at 50, 169, 189. As of the administrative hearing, Plaintiff lived in a single-family house with his partner who is responsible for most of the household chores except that Plaintiff feeds the cat, changes the cat litter, does dishes and some laundry, mows the lawn, and does some yard work. AR at 72-73, 91-92, 212, 214-15. Plaintiff completed college and worked between 1999 and 2013 as an accountant, an account reconcilist, and a business manager, but quit his last job because of anxiety and depression. AR at 91, 193. Plaintiff has a driver's license, drives, is able to go out unaccompanied and occasionally shops in stores for clothes. AR at 91-92, 215. Plaintiff is capable of handling money, and spends his days watching television, and talking on the telephone and visiting with friends and family, and reports no problems getting along with others. AR at 91-92, 216-17.

In 1983, as a teenager, Plaintiff sustained a self-inflicted gunshot wound to the abdomen in a suicide attempt, for which Plaintiff underwent several surgeries including in 1984 and 1985. AR at 299, 495. Plaintiff also underwent back surgeries in 2005 and 2008 for injuries sustained in a motor vehicle accident. AR at 299, 495. It is undisputed Plaintiff suffers from depression and anxiety for which Plaintiff has participated since January 1, 2013, in regular counseling sessions at Brylin Behavioral Health Center with licensed master social worker Carla R. Kuhl ("LMSW Kuhl"), and psychiatric-mental health nurse practitioner Stefania Flynn-Aikins ("NP Flynn-Aikins") who, on December 1, 2017, jointly completed a Mental Impairment Questionnaire, in support of Plaintiff's disability benefits application. AR at 604-09. From November 8, 2013 to July 31, 2015,

Plaintiff also treated with psychologist Sherry M. Farrow, Ph.D. ("Dr. Farrow").  AR at 313-67.  With regard to his disability benefits application, on January 5, 2016, Plaintiff underwent a psychiatric evaluation performed by psychologist Gina Zali, Psy.D. ("Dr. Zali"), AR at 489-94, and an internal medicine evaluation performed by Hongbiao Liu, M.D. ("Dr. Liu"), AR at 495-502.  Plaintiff's medical record was also reviewed by State agency psychological consultant D. Bruno, Psy.D. ("Dr. Bruno").  AR at 86-99.

## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  It is not, however, the district court's

function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.   Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff met the insured status requirement for SSDI through December 31, 2016,[5] AR at 40, has not engaged in substantial gainful activity ("SGA") since June 17, 2013, his alleged DOD, *id.* at 41, and suffers from the severe impairments of degenerative disc disease of the lumbar spine, status post surgeries, gastroesophageal reflux disease ("GERD"), hiatal hernia, status post gunshot wound to the abdomen, hypertension, and major depressive disorder with anxious distress, AR at 41, but that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 41-42. The ALJ further found that despite his impairments, Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with limitations including occasionally performing postural activities, cannot climb ladders, ropes, or scaffolds, can have no exposure to unprotected heights, cannot operate a motor vehicle or dangerous machinery, can perform simple and routine tasks, and can tolerate occasional contact with supervisors, co-workers, and the general public. AR at 42-48. Plaintiff is unable to perform any PRW, AR at 48, yet given Plaintiff's RFC, age, education, and ability to communicate in English, the Medical-Vocational Rules ("the Grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, Plaintiff is not disabled regardless whether he has transferrable skills from his PRW, and can perform jobs that exist in significant numbers in the national economy. *Id.* at 48-49. Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 49.

---

[5] Because Plaintiff seeks disability benefits only under Title II, Plaintiff must establish disability by December 31, 2016, *i.e.*, his date last insured. 20 CFR § 404.315(a).

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ's RFC assessment is not supported by substantial evidence because the ALJ failed to properly evaluate the opinion expressed in the Mental Impairment Questionnaire jointly prepared by LMSW Kuhl and NP Flynn-AIkins, Plaintiff's Memorandum at 18-23, relying instead on his own lay judgment in assessing Plaintiff's RFC which is not supported by substantial evidence. *Id.* at 23-28. Defendant argues the ALJ properly evaluated the opinions of record, Defendant's Memorandum at 12-20, and substantial evidence supports the ALJ's RFC finding. *Id.* at 6-12. In reply, Plaintiff argues the ALJ's RFC determination is impermissibly based on the ALJ's lay judgment and is not supported by substantial evidence in the record. Plaintiff's Reply at 1-5. There is no merit to Plaintiff's arguments because the ALJ did not improperly weigh the opinion evidence in the record, and the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence in the record.

Preliminarily, the court observes that Plaintiff limits his arguments to his mental impairments. Accordingly, the court finds Plaintiff has waived any challenge to the ALJ's Decision based on any physical impairments. *Cf. Glover v. Saul*, 2020 WL 90768, at * 5 (W.D.N.Y. Jan. 8, 2020) (although the claimant asserted both mental and physical impairments in applying for disability benefits, in considering the plaintiff's action challenging the ALJ's decision, the court found the claim waived as to the mental impairments because the plaintiff raised issues only with regard to his physical impairments).

In the Mental Impairment Questionnaire, AR at 604-09, LMSW Kuhl and NP Flynn-Aikins, who jointly completed the form, indicated by checking boxes that Plaintiff is unable to meet competitive employment standards of unskilled work because he cannot, *inter alia*, carry out short, simple instructions, maintain attention and concentration for two-hour periods, work in coordination with or in close proximity to others without being unduly distracted, make simple work-related decisions, complete a normal work day and work week without interruptions from psychologically based symptoms, perform at a constant pace without an unreasonable number and length of rest periods, ask simple questions or request assistance, accept instructions and respond appropriately to direction from supervisors, respond appropriately to changes in a regular work setting, deal with stress of unskilled and skilled work, and use public transportation.  AR at 606-07.  Plaintiff was also assessed as seriously limited with regard to remembering work-like procedures, understanding and remembering very short and simple instructions, sustaining an ordinary routine without special instruction, getting along with co-workers or peers without unduly distracting them or exhibiting behavioral symptoms, dealing with normal work stress, understanding, remembering, and carrying out detailed instructions.  *Id.*  LMSW Kuhl and NP Flynn-AIkins further opined Plaintiff is markedly restricted in activities of daily living, moderately limited in maintaining social functioning, and will likely have two to three episodes of decompensation within 12-month periods when having bipolar episodes.[6]  AR at 608. The ALJ afforded little weight to this opinion because it was dated almost one year after

---

[6] Nothing in the medical record establishes Plaintiff was ever diagnosed with bipolar disorder by an acceptable medical source.  *See* AR 313-67 (Dr. Farrow diagnosing Plaintiff with depression and anxiety on 53 occasions between November 8, 2013 and July 31, 2015) and 491-92 (Dr. Zali diagnosing Plaintiff with anxiety and depression on January 5, 2016).

10

Plaintiff's last date insured, AR at 48, nurse practitioners and licensed social workers are not considered acceptable medical sources and opinions issued by such "other sources" are not entitled to controlling or significant weight, *id.*, and the "marked limitations" assessments are inconsistent with the treatment notes of record. *Id.* This determination by the ALJ is supported by substantial evidence in the record.

Specifically, as the ALJ found, AR at 48, not only is the December 1, 2017 Mental Impairment Questionnaire dated almost one year after Plaintiff's last date insured of December 31, 2016, 20 C.F.R. § 404.315(a); *Reynolds v. Colvin*, 570 Fed.Appx. 45, 48 (2d Cir. 2014) (treating retrospective opinion not probative where it is not supported by contemporaneous treatment records) (quoting *Perez v. Chater,* 77 F.3d 41, 48 (2d Cir.1996) ("A treating physician's retrospective medical assessment of a patient may be probative when based upon clinically acceptable diagnostic techniques.")), but neither LMSW Kuhl nor NP Flynn-Aikins qualifies under the relevant regulations as an acceptable medical source whose opinion is entitled to controlling or significant weight, 20 C.F.R. § 404.1527(c), nor does the Plaintiff point to the use of clinically acceptable diagnostic techniques.  Although "the ALJ is certainly free to consider the opinion of [other medical sources] in making his overall assessment of a claimant's impairments and residual abilities, those opinions do not demand the same deference as those of a treating physician." *Genier v. Astrue,* 298 Fed.Appx. 105, 108 (2d Cir. 2008).

Moreover, the medical evidence in the record does not support the restrictions assessed by LMSW Kuhl and NP Flynn-Aikins.  In particular, despite indicating Plaintiff cannot carry out carry out short, simple instructions, maintain attention and

concentration for two-hour periods, make simple work-related decisions, ask simple questions or request assistance, accept instructions and respond appropriately to direction from supervisors, remember work-like procedures, understand and remember very short and simple instructions, or understand, remember, and carry out detailed instructions, AR at 606-07, these same treating sources repeatedly found Plaintiff, upon mental status examination, with fair to good judgment and insight, normal perceptions, good eye contact, and able to engage in counseling sessions with fair to good attention and concentration.  AR at 371-82, 504-603, 610-97.  For example, in an October 19, 2015 Comprehensive Assessment, LMSW Kuhl reported Plaintiff had a cooperative attitude, appropriate affect, spontaneous speech with regular rate, rhythm, and volume, clear and appropriate thought processes, intact orientation, short and long-term memory, normal attention span and concentration, and adequate judgment.  AR at 377-82.  On an Initial Psychiatric Evaluation form completed on August 23, 2016, NP Flynn-Aikins assessed Plaintiff as oriented in all three spheres, well-groomed, appropriate affect, speech was normal in rate, tone, amount, clarity and spontaneous, thought process was logical, linear, goal directed, no delusions, normal perceptions, fair concentration, and good insight and judgment.  AR at 507-09.  As the ALJ observed, AR at 46, these findings are consistent with the treatment notes of Dr. Farrow who saw Plaintiff 53 times between November 8, 2013 and July 31, 2015, and on many of those occasions diagnosed Plaintiff with depression or anxiety, yet routinely assessed Plaintiff with normal/euthymic (stable) mood, and consistently assessed both normal/appropriate affect, as well as normal mental status.  AR at 313-67.  Accordingly, the ALJ did not

improperly reject the opinion expressed in the Mental Impairment Questionnaire jointly prepared by LMSW Kuhl and NP Flynn-Aikins relating to Plaintiff's limitations for SGA.

Nor is the ALJ's Decision unsupported by substantial evidence in the record as Plaintiff argues.  Plaintiff's Memorandum at 23-27.  Specifically, the ALJ considered evidence from his regular counselling sessions with Dr. Farrow that Plaintiff, despite his alleged disabling impairments, engaged in activities suggesting Plaintiff was capable of working including completing a painting job for a neighbor in March 2014, AR at 355, traveling for a weekend trip in May 2014, AR at 348, and had a "good" trip with his partner in September 2014.  AR at 334.  On November 29, 2016, Plaintiff reported he continued to assist a neighbor.  AR at 47 (citing AR at 594).  Despite several years of mental health counseling, as of December 29, 2015, Plaintiff was not prescribed medication for any psychological symptoms.  AR at 47 (citing AR at 708).  Further, although on his disability benefits application Plaintiff indicated he stopped working on June 17, 2013 because of his claimed impairments, AR at 192, during the administrative hearing, Plaintiff testified he left his last job because "[t]he position I held at that time was a position that I believe I wasn't educated or skilled enough to perform . . . .  But generally, I was in over my head in that position and the anxiety just escalated to a point that I just became nonfunctional."  AR at 66.  Significantly, on March 7, 2014, September 26, 2014, and October 24, 2014, Plaintiff reported feeling ready to seek employment.  AR at 46 (citing AR at 331, 334, 355).  *See Lovell v. Colvin*, 137 F.Supp.3d 347, 354 (W.D.N.Y. 2015) (no remand necessary where ALJ rejects Plaintiff's subjective complaints based on Plaintiff's own expressed desire to work such

that the ALJ did not abuse his discretion in determining the plaintiff's testimony was not entirely credible).

The ALJ's grant of little weight to the assessment of Dr. Zali, the consultative psychiatric examiner because the assessment is inconsistent with Dr. Zali's clinical finding is also supported by the record.  Specifically, despite reporting her mental status examination of Plaintiff was unremarkable with regard to appearance, speech, thought processes, affect, mood, sensorium (perception and interpretation of surrounding environment), orientation in all three spheres, attention and concentration, recent and remote memory skills, cognitive functioning, and good insight and judgment, AR at 491-92, Dr. Zali inconsistently concluded that the results of the evaluation were "consistent with psychiatric problems" which "may significantly interfere with the claimant's ability to function on a daily basis."  AR at 492.  The ALJ acted within his authority in rejecting those portions of the consultative psychologist's assessment that are contradicted by the psychological examination.  *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (holding it was within the province of the ALJ to resolve contradictions between the consultative examinations findings and the consultative examiner's conclusions). *See also Pellam v. Astrue*, 508 Fed.Appx. 87, 90 (2d Cir. 2013) (ALJ did not err by failing to adopt consultative examining physician's conclusions in determining the claimant's RFC where the physician's findings were inconsistent with other contemporaneous medical records).

Nor was the ALJ required to specifically reference every piece of evidence regarding Plaintiff's mental status on which the ALJ relied in determining Plaintiff's RFC. *See Petrie v. Astrue*, 412 Fed.Appx. 401, 407 (2d Cir. 2011) ("where the evidence of

record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of personal testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability).  Further, the ALJ gave great weight to the opinion of State agency psychological consultant Dr. Bruno who, upon reviewing Plaintiff's records, assessed Plaintiff with at most a moderate limitation in mental functioning, with no restrictions to activities of daily living, and concluded Plaintiff retained the mental RFC for light work which need not be unskilled.  AR at 90-92, 94-98.  It is significant that the relevant regulations require ALJs consider the opinions of state agency consultants because they are highly qualified experts in Social Security disability evaluations.  20 C.F.R. §§ 404.1513a(b)(1), 404.1527(c) and (e).  Based on these same criteria, the opinions of such non-examining sources can constitute substantial evidence in support of an ALJ's decision.  *Diaz v. Shalala*, 59 F.3d 307, 313 n. 5 (2d Cir. 1995).

      To summarize, in the instant case, the evidence in the record establishes at most that it is susceptible to more than one rational interpretation, including the ALJ's Decision that Plaintiff is not disabled under the Act.  *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).  Indeed, the issue is not

whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision.*" *Id.*, 523 Fed.Appx. at 59 (italics in original). Because substantial evidence in the record supports the ALJ's Decision that Plaintiff is not disabled under the Act, that other evidence in the record may support the opposition conclusion provides no basis for remand.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 8) is DENIED; Defendant's Motion (Dkt. 9) is GRANTED. The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 22nd, 2020
Buffalo, New York